IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LAVACE MORGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:21-cv-445-JDK-KNM |
| | § | |
| LORIE DAVIS, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lavace Morgan, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

According to Plaintiff, on September 18, 2019, he was in the dayroom at the Beto Unit when his legs went numb and he fell to the floor, where he was unable to move or get up. Docket No. 23-1 at 1. Defendants William Bradley and Christopher Case, correctional officers at Beto, and Russell Kellum and Gideon Oputy, nurses at Beto, responded to the incident call. After Plaintiff explained that he could not get up, Defendant Bradley got behind him and pushed him up to a sitting position and the officers forced him to his feet. They then pushed and dragged him to a stretcher and took him to the infirmary, where he remained from about 9:00 p.m. that night to about 1:00 a.m. the next morning. *Id.* at 1–2. Defendant William Wheat was the Beto

1

Unit warden at the time of the incident. Plaintiff's amended complaint asserts claims of excessive force and deliberate indifference to his serious medical needs.

Now before the Court is Defendants William Bradley, Christopher Case, Russell Kellum, Gideon Oputy, and William Wheat's motion for summary judgment. Docket No. 72. On June 13, 2023, Judge Mitchell issued a Report and Recommendation recommending that the Court grant Defendants' summary judgment motion and dismiss Plaintiff's claims with prejudice. Docket No. 76. Plaintiff filed objections. Docket No. 78.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

The Magistrate Judge's Report explained that Plaintiff's pleadings and the summary judgment evidence demonstrate that Defendants Bradley and Case did not act maliciously or sadistically to cause harm. Docket No. 76 at 11–12. The Report notes that while Defendants may not have handled Plaintiff "in the most gentle of manners," "Plaintiff's pleadings and the summary judgment evidence make clear that the ultimate intent of the officers was to transport him to the infirmary rather than to inflict pain for their own pleasure." *Id.* at 11.

The Report also analyzed the *Hudson v. McMillan* factors. 503 U.S. 1, 7 (1992). While acknowledging that these factors generally apply to confrontations between a prisoner and correctional officials rather than the fact pattern of this case, the Report explained that factors 1, 2, and 4 weighed in favor of Defendants, factor 3 was inconclusive, and factor 5 weighed slightly in Plaintiff's favor. *Id.* at 12–14. The Report concluded that Defendants Bradley and Case are entitled to summary judgment.

With regard to the nurses, Defendants Kellum and Oputy, Plaintiff's pleadings indicate that he was taken to the infirmary after the incident and kept there for four hours, his vital signs were taken, and he saw the doctor the next morning. *Id.* at 16. The Report notes that Plaintiff does not allege any harm he suffered because of Defendants' actions. As nurses, Kellum and Oputy cannot diagnose medical conditions or prescribe medication. Plaintiff's condition, a pathologic fracture, required examination by a physician, which he received the next morning. After this examination, Dr. Haque gave him an urgent referral to the neurosurgery clinic at Hospital Galveston. *Id.* Accordingly, the Report recommended that Defendants Kellum and Oputy are entitled to summary judgment.

Finally, Plaintiff complained that Defendant Wheat denied his Step One grievance. The Report concluded that Plaintiff's dissatisfaction with the response to his grievance or the results of the unit investigation did not demonstrate a constitutional violation because prisoners lack a protected liberty interest in having grievances resolved to their satisfaction. *Id.* at 19 (citing *Geiger v. Jowers*, 404 F.3d

371, 374 (5th Cir. 2005)). The Report therefore recommended granting summary judgment as to Defendant Wheat.

Plaintiff first argues in his objections that under TDCJ regulations, a forced move must be ordered by the highest-ranking shift supervisor, which did not happen in his case. He also says that TDCJ policy requires that licensed medical staff must be present and should advise the officers of any pre-existing medical conditions which preclude the use of force, and that a forced move should be videotaped. Docket No. 78 at 2. However, alleged violations of TDCJ policy do not themselves amount to constitutional violations. *Hill v. Walker*, 718 F. App'x 243, 250 (5th Cir. 2018) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)). Accordingly, this objection fails.

Next, Plaintiff complains that Defendants Bradley and Case kicked him in the feet before taking him to the stretcher. Docket No. 78 at 2. As the Report explained, Plaintiff did not ascribe any injury or harm to these kicks, and in fact asserted that his legs were numb and had reduced sensation. The Magistrate Judge concluded that the kicks were *de minimis*. Docket No. 76 at 13. Plaintiff cites cases where a use of force resulted in injury but offers nothing to controvert the Report's conclusion that Defendants' kicks to his feet were *de minimis*. This objection therefore fails.

Plaintiff next discusses the *Hudson* factors, emphasizing that he posed no threat to the officers. Docket No. 78 at 3–4. The Report acknowledged this, specifically stating: "Plaintiff plainly posed no threat to the officers, which is the analysis in most use of force cases." Docket No. 76 at 14. Plaintiff argues that "using

4

force to place Morgan on a stretcher to get him to medical is an after-the-fact pretext provided by Defendants to justify their actions." Docket No. 78 at 3–4. But his pleadings make clear that the officers were called to the scene because he fell and could not get up, and that they lifted him to his feet for the purpose of putting him on the stretcher. This objection is without merit.

After again asserting that he did not pose a threat, Plaintiff states that the nurses left the stretcher in the hallway and that he told them he could not move, thus placing them on notice of a possible back injury. He says that the nurses then told him that they would not pick him up and that if he did not get up and move to the stretcher, they would not do anything for him except take vital signs. *Id.* at 4. As the Report explained, poor bedside manner and even verbal abuse by the nurses does not rise to the level of a constitutional violation. Docket No. 76 at 17 (citing several relevant cases). Plaintiff has not shown that the actions of the nurses amounted to deliberate indifference to his serious medical needs. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Accordingly, this objection is without merit.

Plaintiff next complains that the officers stood him up after he said that he had a back injury, and that he cried out in pain. He says, for the first time in his objections, that he "heard a popping sound in his back" when the officers picked him up. Docket No. 78 at 4–5. The medical records Defendants provided in support of their summary judgment motion indicate that Plaintiff's injury—the pathologic fracture—likely occurred before the September 18, 2019 incident. Docket No. 72, Ex. A at 6. The fact that picking up a prisoner with a pathologic fracture in his back from

5

the floor where he was unable to move could result in pain or discomfort does not show that the officers acted with deliberate indifference or with malicious and sadistic intent. This objection is without merit.

Plaintiff next argues that the Defendants are not entitled to qualified immunity, again maintaining that he posed no threat. He concedes that he was "having a medical crisis and almost completely unresponsive." Plaintiff further asserts that it was the employees' responsibility to "abide by TDCJ policy," which he asserts they failed to do here. Docket No. 78 at 7–8. But as stated above, alleged violations of TDCJ rules and regulations—including alleged violations of PD-22 or Administrative Directive 06.07—do not themselves establish constitutional violations. *Myers*, 97 F.3d at 94; *see also Barber v. Quarterman*, 2010 WL 1417650 (E.D.Tex. 2010), *appeal dismissed as frivolous* 437 F.App'x 302 (5th Cir. 2011) (violations of PD-22 do not state a constitutional claim); *Johnson v. Rupert*, 2014 WL 6969202 (E.D.Tex. 2014), *aff'd* 647 F.App'x 407 (5th Cir. 2016) (violations of TDCJ administrative directives do not state a constitutional claim). This objection is without merit.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 76) as the opinion of the District Court. The Court **GRANTS** Defendants' motion for

summary judgment (Docket No. 72) and **DISMISSES** Plaintiff's claims with prejudice.

Also pending is Defendants' motion to seal their summary judgment motion. Docket No. 71.  The Court **GRANTS** the motion.  Defendants' motion for summary judgment (Docket No.72) shall remain under seal absent further order by the Court.

So **ORDERED** and **SIGNED** this **8th** day of **August, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE